# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO HENDERSON, | ) | CASE NO. 1:19-cv-2906 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN TIM BUCHANAN, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Kathleen B. Burke (Doc. No. 16 ["R&R"]) recommending denial of petitioner's pending motions[1] and dismissal of his petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner filed objections to the R&R. (Doc. No. 19 ["Obj."].)[2] Respondent filed a response to the objections. (Doc. No. 20 ["Resp."].)[3] Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has conducted a de novo review of the matters raised in the objections. For the reasons discussed below, the R&R is accepted, petitioner's motions are denied,[4] and the petition is dismissed.

---

[1] *See* Doc. No. 11, Motion for Discovery and Production of Documents; Doc. No. 14, Motion for Evidentiary Hearing.

[2] Petitioner also filed an "Affidavit of Truth," purporting to "rebut the criminal complaint … and indictment in their entirety[.]" (Doc. No. 17.) Respondent filed a motion to strike this affidavit. The motion to strike (Doc. No. 18) is granted.

[3] Without leave, petitioner further responded out of rule. (Doc. No. 21.) Respondent filed a motion to strike that response. The motion to strike (Doc. No. 22) is granted.

[4] In the R&R, the magistrate judge notes that Doc. No. 11 includes requests for appointment of an investigator and for counsel in conjunction with petitioner's discovery request. (R&R at 571, n.4 (all page references are to the page identification number generated by the Court's electronic filing system).) On February 11, 2021, petitioner filed a separate motion to appoint counsel. In light of the instant ruling, this motion (Doc. No. 23) is denied.

### I.     Background

On December 17, 2019, Antonio Henderson ("Henderson" or "petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a state court conviction. (Doc. No. 1 ["Pet."].)

Henderson was indicted in 2017 by a Cuyahoga County grand jury on six counts: two counts of felonious assault, each with one-year and three-year firearm specifications (Ohio Rev. Code § 2903.11(A)(2)); one count of discharge of a firearm on or near prohibited premises with one-year and three-year firearm specifications (Ohio Rev. Code § 2923.162(A)(3)); one count of domestic violence (Ohio Rev. Code § 2919.25(A)); one count of criminal damaging or endangering (Ohio Rev. Code § 2909.06(A)(1)); and one count of intimidation of a crime victim or witness with one-year and three-year firearm specifications (Ohio Rev. Code § 2921.04(B)(2)). (Doc. No. 9, Return of Writ ("Return"), Ex. 1.) With the benefit of legal counsel, Henderson signed a written jury waiver and the case proceeded to a bench trial. (*Id.* Exs. 3 and 4.) Ultimately, three charges were dismissed. Henderson was found guilty of the remaining three charges (felonious assault, with the three-year firearm specification; domestic violence; and criminal damaging/ endangering) and was sentenced to an aggregate prison term of eight years. (*Id.* Ex. 8.)

The magistrate judge summarized Henderson's procedural efforts to appeal his convictions in the state courts, and Henderson does not suggest that the magistrate judge erred factually in her recitation of that procedural history. Accordingly, the Court accepts the magistrate judge's summary, as if rewritten herein. (*See* R&R at 574–80.)

Henderson claims here that he received ineffective assistance of trial counsel and was wrongfully convicted of felonious assault. The R&R recommends that both grounds be dismissed

because they are procedurally defaulted, not having been raised in the state courts. (*Id*. at 585.) Further, according to the R&R, even if these grounds had been raised, Henderson's failure to timely appeal to the Ohio Supreme Court, would be "'an adequate procedural ground to foreclose federal habeas review.'" (*Id*. at 586, quoting *Smith v. Sheldon*, No. 5:17-cv-2338, 2018 WL 5795525, at *5 (N.D. Ohio July 26, 2018), *report and recommendation adopted by*, 2018 WL 43465777 (N.D. Ohio Sept. 12, 2018) (further citations omitted).) The R&R reasons that, unless Henderson can overcome the default or show a fundamental miscarriage of justice, his petition is barred. (*Id*.) The R&R also concludes that the ineffective assistance of counsel claim is unexhausted because, although raised in his state court petition to vacate or set aside, that court has not yet ruled on the matter. As of this date, that appears to be no longer true,[5] but that fact is nondispositive in this case.

## II.  Henderson's Objections[6]

Henderson raises the following objections:[7]

1.      … The trial court failed to follow the strict requirements of [Ohio Rev. Code §] 2945.05[,] . . . [thereby] committ[ing] reversible and plain error and was without jurisdiction to conduct a bench trial. . . .  (Obj. at 613.)

2.      … The indictment is not a TRUE BILL, nor did a grand jury foreman sign the indictment nor was there a [proper] grand jury proceeding held …. (*Id*.)

3.      … [Petitioner] was denied full disclosure of all contracts and agreements by the office of public defender . . . [and] the petitioner never granted

---

[5] According to the website cited by the R&R (R&R at 580), after the R&R was filed, the state trial court summarily denied Henderson's motion for new trial (January 29, 2021) and his petition to vacate or set aside judgment of conviction or sentence (February 11, 2021).

[6] Based on the sentence content, it is apparent Henderson misnumbered some of the pages in his objections. Page "3 of 11" should be the fifth page; "4 of 11" should be the third page; "5 of 11" should be the fourth page; "7 of 11" should be the eighth page; and "8 of 11" should be the seventh page.

[7] The objections are largely rambling statements, followed by string citations. Because Henderson is proceeding pro se and is entitled to somewhat liberal pleading standards, the Court has attempted to extract the substance of each "objection."

irrevocable power of attorney [to] the . . . court appointed attorney. . . . (*Id.* at 615.)

4.      … The [p]etitioner affirms he never recieved [sic] a summons from the court . . . and therefore the petitioner could not rebut the summons and return it to the court indicating that [he did] not accept the position (Defendant) and the jurisdiction of the court[.] . . . (*Id.*)

5.      … The petitioner['s] appellate counsel's "failure . . .  to perfect an appeal amount[ed] . . . to ineffective assistance of counsel" and "provide[d] sufficient cause" under *Sykes* procedural default doctrine[.] . . . (*Id.* at 616, alterations and quotation marks in original.)

6.      … The trial judge denied [petitioner] effective assistance of counsel and fair trial where it was clear [the trial judge] made up her mind at the start that the defendant was guilty which was discussed with Attorney Aaron Brockler via text messages with Monay Lassiter[.] [T]he petitioner obtained this new evidence via screenshots[.] . . . (*Id.* at 617.)

7.      … Interference with the right of court access by state agents who intentionally conceal the true facts about a crime may be actionable as a deprivation of constitutional rights. . . . The [p]etitioner request[s] hearing on cause and prejudice. . . . The [p]etitioner brought forth "new reliable evidence." … (*Id.* at 618, 620.)

8.      … Grounds One and Two should be . . . remanded for evidentiary hearing to evaluate newly discovered evidence not previously discovered due to counsel's ineffectiveness. . . . (*Id.* at 620.)

9.      … The conviction for felonious assault was against the manifest weight of the evidence. . . . The [p]etitioner has established cause and prejudice to excuse his procedural default and the [p]etitioner has demonstrated that a fundamental miscarriage of justice will occur if his ground for relief is not consider[ed] on federal habeas review. (*Id.* at 621.)

10.     The [p]etitioner objects to the [R&R's] Conclusion and Recommendation for the reasons stated above. . . . (*Id.* at 622.)

## III.  Discussion

### A.  Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

4

objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When undertaking its de novo review of any objections to the R&R, this Court must be additionally mindful of the standard of review applicable in the context of habeas corpus. "Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, a federal court may grant habeas relief only when a state court's decision on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by' decisions from [the Supreme] Court, or was 'based on an unreasonable determination of the facts.' 28 U.S.C. § 2254(d)." *Woods v. Donald*, 575 U.S. 312, 315, 135 S. Ct. 1372, 191 L. Ed. 2d 464 (2015) (per curiam). This standard is "intentionally difficult to meet." *Id*. at 316 (internal quotation marks and citations omitted). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification

5

that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2001)).

**B.      Analysis** [8]

**    1.      *Specificity of objections***

As a threshold matter, the Court notes that not a single one of Henderson's objections specifically identifies the portion(s) of the proposed findings, recommendations, or report to which objection is made, much less the legal basis for such objections.

Objection 10, in particular, explicitly states that Henderson "objects to the [R&R's] Conclusion and Recommendation[.]" That is not a proper objection and it is overruled.

In all his other objections, Henderson merely argues the merits of his generalized belief that he did not receive a fair trial and was improperly convicted; he disagrees with the R&R's conclusions and recommendations as a whole. On that basis alone, every one of Henderson's objections *could* be overruled.

Although overruling Objection 10 due to its lack of specificity, in an abundance of caution, the Court will separately address each of the other objections, despite their equal lack of specificity.

**    2.      *Objections regarding issues not cognizable in habeas corpus***

Several of Henderson's objections not only fail to specifically address any error in the R&R (to say nothing of not having been raised in the initial petition), but also fail on their merits because the issues raised are not cognizable in habeas corpus. "A claim based solely on an error of state

---

[8] Henderson failed to address the R&R's recommendation to deny his two pending motions. (*See* R&R at 570–73.) The unopposed recommendation is, therefore, adopted and both motions (Doc. Nos. 11, 14) are denied.

law is not redressable through the federal habeas process." *Norris v. Schotten*, 146 F.3d 314, 328–29 (6th Cir. 1998). In particular, Objections 1, 2, 3, 4, and 9 fall into this category.

Objection 1 challenges the validity of Henderson's waiver of a jury trial under Ohio Rev. Code § 2945.05. This raises purely a matter of state law and, as such, is not cognizable in habeas. Even if the Court were to generously construe this objection as a challenge under the Sixth Amendment to the U.S. Constitution, which it need not do, the objection would fail. The record provides no basis for finding that Henderson did not knowingly, intelligently, and voluntarily waive his right to a jury. *See Patton v. United States*, 281 U.S. 276, 312, 50 S. Ct. 253, 74 L. Ed. 854 (1930) ("before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant"), *abrogated on other grounds by Wilson v. Florida*, 399 U.S. 78, 90 S. Ct. 1893, 26 L. Ed. 2d 446 (1970). Under AEDPA, any review by this Court would be limited "to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011). The record here contains the colloquy between the trial court and Henderson and his counsel at the outset of his trial (*see* Return at 294–96), as well as his official waiver signed both by himself and his counsel (*id*. Ex. 3).

Objection 2 asserts that the indictment was not a True Bill because there was no grand jury proceeding and because the indictment was not signed. This, too, is purely a matter of state law. There is no federal constitutional right to an indictment in state criminal proceedings. *Hurtado v. California,* 110 U.S. 516, 537–38, 4 S. Ct. 111, 28 L. Ed. 232 (1884); *see also Branzburg v. Hayes,* 408 U.S. 665, 688 n. 25, 92 S. Ct. 2646, 33 L. Ed. 2d 626 (1972); *Koontz v. Glossa,* 731 F.2d 365, 369 (6th Cir. 1984) ("The law is well settled that the federal guarantee of a grand jury indictment has not been applied to the states. . . . It is also well settled in this Circuit that the Constitution does

7

not require any particular state indictment rule."). Further, the Sixth Circuit has determined that "allegations of technical defects in the indictment fail to state a claim for federal habeas corpus relief." *Burrows v. Engle*, 545 F.2d 552, 553 (6th Cir. 1976).

Objection 3 predominantly addresses a claim that Henderson was denied discovery in his underlying criminal case.[9] "There is no general constitutional right to discovery in a criminal case[.]" *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977); *LaMar v. Houk*, 798 F.3d 405, 430–31 (6th Cir. 2015).

Objection 4 is difficult to construe but appears to challenge the procedural form of Henderson's criminal proceedings—namely, that he never received a summons. In essence, he is arguing that, due to this alleged procedural irregularity, the trial court had no jurisdiction over him. On this record, there is no legal merit to that argument. *See State v. Harper*, 159 N.E.3d 248, 255–56 (Ohio 2020) (explaining the Ohio constitutional and statutory sources of "jurisdiction over all crimes and offenses").

Objection 9 asserts that Henderson's conviction for felonious assault "was against the manifest weight of the evidence." It is well-settled that claims regarding the manifest weight of the evidence are grounded in state law and are therefore not cognizable on federal habeas review. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983) (holding that the due process clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those convicted without sufficient proof to allow a finding of guilt beyond a reasonable doubt).

---

[9] This objection makes passing, but unexplained, mention that Henderson "never granted irrevocable power of attorney" to his court-appointed attorney. (Obj. at 615.) Aside from the fact that this, too, was never raised in the petition (or, for that matter, before any state court) as a ground for relief, Henderson fails to explain how this assertion, even if true, would have any constitutional significance in the habeas context.

These five objections need not be further addressed by this Court. All five (Objections 1, 2, 3, 4, and 9) are overruled because the issues they raise are not cognizable in federal habeas corpus.

### 3. *Objections regarding issues possibly cognizable in habeas corpus*

Petitioner's remaining objections (Objections 5, 6, 7, and 8) will be liberally construed by the Court as raising issues that may be addressed through habeas corpus. Whether they are properly before the Court is another matter.

In Objection 5, Henderson claims that his counsel's failure to perfect an appeal constituted ineffective assistance of counsel and provides sufficient cause to set aside any default. Presumably he is referring to counsel's failure to perfect an appeal to the Ohio Supreme Court from his direct appeal to the Eighth District Court of Appeals of Ohio. Although Henderson asserted ineffective assistance of counsel in his habeas petition, it related to trial counsel's failure to call witnesses. This particular assertion was neither exhausted in state court nor raised in Henderson's habeas petition and, for that reason, this issue relating to counsel's alleged effectiveness is procedurally barred. Objection 5 is overruled.

Objection 6 claims that the trial judge exhibited bias toward Henderson and that trial counsel was ineffective for failing to identify the issue and seek relief. Henderson claims to have "new evidence" in the form of screenshots of text messages between his trial counsel and Monay Lassiter that supposedly prove that the judge was biased. (Obj. at 617, citing Doc. No. 19-2, Supporting Materials.) Aside from the fact that this issue was not previously raised as a ground for relief in this Court, there is also no indication that any state court was given an opportunity to consider it. Henderson does not indicate when this "new evidence" was discovered; thus, there is no reason to believe that he could not have timely sought review by a state court. Objection 6 is

9

overruled because it raises an issue that is procedurally defaulted in the state court and was also not properly raised in this Court.

Objection 7 asserts that state agents "conceal[ed] true facts" and thereby denied Henderson access to the courts. This appears to be a reference to a civil rights action earlier filed by Henderson (Case No. 1:19-cv-678, *Henderson v. Corr. Corp. of Am. Core Civic* (dismissed 8/13/2019)), wherein Henderson claimed that jail guards took his legal materials from his cell. Once again, this matter has never been raised in the context of this habeas action and is, therefore, procedurally defaulted as well as completely non-responsive as an objection to any portion of the R&R. Objection 7 is overruled.

Objection 8 is no more than a generic request for an order remanding the case to the state court with directions to conduct an evidentiary hearing regarding unidentified "newly discovered evidence." (Obj. at 620.) This is not a proper objection to any portion of the R&R and it is, therefore, overruled.

**IV.    Conclusion**

For the reasons set forth herein, Henderson's objections are overruled, the Report and Recommendation is accepted, and this petition for habeas corpus is dismissed. Further, for the same reasons, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). This case is closed.

**IT IS SO ORDERED**.

Dated: March 11, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

10